IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION AT MONTGOMERY

RECEIVED
2019 MAR 14 A 11: 18
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| AMERICAN SOUTHERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| KHDM CONSTRUCTION, LLC AND MATTHEW L. MCCARTY, | ) 2:19-cv-185-GMB ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INDEMNITY AND EQUITABLE RELIEF

Plaintiff American Southern Insurance Company ("ASIC" or "Surety"), by and through counsel, states the following for its Complaint for Indemnity and Equitable Relief against Defendants KHDM Construction, LLC (the "Principal") and Matthew L. McCarty (the Principal and Mr. McCarty collectively, the "Indemnitors"):

### I.   PARTIES

1.   ASIC is a Colorado corporation with its principal place of business in Cobb County, Georgia, which is the location from which ASIC's high-level officers direct, control, and coordinate ASIC's corporate activities. Thus, ASIC is a citizen of Colorado and a citizen of Georgia for purposes of diversity jurisdiction.

2.   Upon information and belief, the Principal (*i.e.*, KHDM Construction, LLC) is an Alabama limited liability company whose members are citizens of Alabama. Thus, the Principal is a citizen of Alabama for purposes of diversity jurisdiction.

3.   Upon information and belief, Mr. McCarty is a citizen of Alabama.

## II. JURISDICTION AND VENUE

4. This Honorable Court possesses original jurisdiction over ASIC's Complaint for Indemnity and Equitable Relief pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter in controversy is between citizens of different states.

5. This Honorable Court possesses the power to declare the respective rights and other legal relations of ASIC and the Indemnitors as requested herein pursuant to 28 U.S.C. § 2201(a).

6. Venue is proper in the United States District Court for the Middle District of Alabama, Northern Division of Alabama, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 81(b)(1) because (1) the Indemnitors reside in the Middle District of Alabama, Northern Division of Alabama, and the Indemnitors are residents of Alabama and/or (2) the Indemnitors are subject to personal jurisdiction in the Middle District of Alabama, Northern Division of Alabama.

## III. FACTUAL ALLEGATIONS

### The Indemnity Agreement

7. As a condition of ASIC's issuance of surety bonds on behalf of the Principal, the Indemnitors (and others) executed the General Agreement of Indemnity attached hereto as **Exhibit 1** (the "Indemnity Agreement") in favor of ASIC on or about August 5, 2011.

8. The Indemnity Agreement defines the term "Bond" as "[a]ny contractual obligation undertaken by the Surety or Principal as principal, joint venturer or any other capacity, before or after the date of this Agreement, and any renewal or extension of said obligation."

9. The Indemnity Agreement defines the term "Principal" as "[t]he person or entity set forth above or any one or combination thereof, or their successors in interest, whether alone or

in joint venture with others named herein or not." The Indemnity also specifically identifies the Principal (*i.e.*, KHDM Construction, LLC) as the "Principal" thereunder.

10. The Indemnity Agreement defines the term "Surety" as "American Southern Insurance Company, its reinsurers, and any other person or entity which the Surety may procure to act as surety or co-surety on any Bond or any other person or entity who executes any Bond at its request."

11. The Indemnity Agreement defines the term "Contract" as "[a]ny agreement of Principal, the performance of which is bonded by Surety."

12. With respect to the Indemnitors' duty to pay premiums for Bonds to ASIC, Paragraph 2 of the Indemnity Agreement, entitled "INDEMNITY," states, in relevant part:

> The Indemnitors will pay, when due, all premiums for each of such Bonds in accordance with the Surety's regular rates in effect on the date such bonds becomes effective, as long as liability thereunder shall continue, and until the Surety is furnished with evidence satisfactory to the Surety of its discharge or release from the Bonds, or of all liability by reason thereof.

13. With respect to the Indemnitors' duty to indemnify and save ASIC harmless from and against any and all liability/loss/etc. arising from Bonds, Paragraph 2 of the Indemnity Agreement further states, in relevant part:

> The Indemnitors agree and bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, to indemnify and save harmless Surety from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected to such Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds in attempting to recover losses or expenses from Indemnitors or third parties, whether the Surety shall have paid or incurred same, as aforesaid. The Indemnitors will indemnify the Surety against any and all liability, loss, damages, fees of attorneys, and other expenses which the Surety may sustain or incur by reason of or reliance upon representations made by the Indemnitors regarding defenses available to Principal and/or Surety to claims made against such Bonds.

14.     With respect to ASIC's right to settle/pay claims in its sole discretion, Paragraph 2.A. of the Indemnity Agreement states:

> Surety shall have the right in its sole discretion to determine whether any suits or claims shall be paid, compromised, defended, prosecuted or appealed and to pay out such sums as it deems necessary to accomplish any of those purposes and its determination as to whether such suit or claim should be settled or defended shall be binding and conclusive on Indemnitors. Surety shall have the right to incur such expenses and handling a claim as it shall deem necessary, including but not limited to the expense for investigative, accounting, engineering and legal services. Surety shall have the foregoing rights, irrespective of the fact that Indemnitors may have assumed, or offered to assume, the defense of Surety appoint such claim. In any claim or suit hereunder, an itemized statement of aforesaid loss and expense, sworn to by an officer or agent of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability hereunder of Indemnitors.

15.     With respect to the events of "Default" by the Indemnitors, Paragraph 3 of the Indemnity Agreement, entitled "DEFAULT," states:

> This Agreement shall be in Default upon the breach by any Indemnitor of any provision hereof or up on the breach by Principal of the provisions of any Bond or Contract or of the application for any Bond, including but not limited to, any of the following events of default:
>
> A.  Principal breaches, abandons or repudiates any Contract.
> B.  Any Obligee under any Bond clears Principal to be in Default.
> C.  Principal fails to pay for bond premium, labor or materials one such payment is due.
> D.  Principal diverse any Contract funds from one Contract to another, prior to the complete discharge of Surety.
> E.  Principal, or any Indemnitor, breaches any provision of this Agreement, of any Bond or any application for any Bond.
> F.  Principal, or any Indemnitor, becomes the subject of any agreement or proceedings or composition, insolvency, bankruptcy, receivership, trusteeship, or assignment for creditors.
> G.  Principal, or any Indemnitor, becomes actually insolvent.
> H.  Principal, if an individual, dies, is adjudged mentally incompetent, convicted of a felony, becomes a fugitive from justice or disappears and cannot be located with usual methods.

16. With respect to ASIC's remedies for the Indemnitors "Default," Paragraph 4 of the Indemnity Agreement, entitled "REMEDIES UPON DEFAULT," states:

> In the event of Default, as defined above, or if Surety deems itself insecure, Surety may at its option and sole discretion and without notice or demand, any right to which Indemnitors expressly waive,
>
> A. Take over any Contract and complete it or arrange for its completion, all at the expense of Indemnitors.
> B. Take possession of Principal's equipment, materials and supplies at the site of the work or elsewhere, and utilize the same for completion of any Contract.
> C. Take possession of the office equipment, books and records of Principal as are necessary for completion of any Contract.
> D. Loan such funds, guarantee a loan for such funds, as Surety shall deem necessary for the completion of any Contract and for the discharge of Surety in connection with the Contract. Repayment of such loan shall be covered by the indemnity hereunder.
> E. Immediately demand that any Indemnitor perform any or all of said Indemnitor's obligations under this Agreement.
> F. File an immediate suit to enforce the provisions of this Agreement.

17. With respect to the Indemnitors' duty to collateralize ASIC upon demand, Paragraph 5 of the Indemnity Agreement, entitled "COLLATERAL SECURITY," states:

> If a claim is made against Surety, or if the Surety deems itself insecure or otherwise in its sole discretion deems it necessary to establish a reserve for potential claims, and upon demand from Surety, Indemnitors shall deposit with Surety cash or other property acceptable to Surety, as collateral security, insufficient amount to protect Surety with respect to such claim or potential claims and any expense or attorneys' fees. Such collateral may be applied to any indebtedness of Indemnitors hereunder or held by Surety until it has received evidence of its complete discharge from such claim or potential claims, and until it has been fully reimbursed for all loss, expense and attorneys' fees. Surety shall have no obligation to invest, or to provide a return on, the deposit.

18. With respect to the joint and several nature of the Indemnitors' duty/obligations thereunder, Paragraph 8.A. of the Indemnity Agreement states, "The obligations of Indemnitors hereunder are joint and several. Surety may bring separate suits hereunder against any or all of the Indemnitors as causes of action may accrue hereunder. Surety need not proceed first against Principal."

19. With respect to the applicable law for interpreting/governing the Indemnitors' duties and obligations, Paragraph 10 of the Indemnity Agreement, entitled "GOVERNING LAW," states, "This Agreement shall be interpreted and governed in all respects in accordance with the laws of the State of Georgia."

### ASIC'S Bonds and Losses/Exposure Thereunder

20. In reliance upon the Indemnitors' (and others') execution of the Indemnity Agreement in ASIC's favor and in reliance upon ASIC's rights under the Indemnity Agreement, ASIC issued the following surety bonds on behalf of the Principal:

| Bond | Penal Sum | Obligee | Bonded Contract No. |
|---|---|---|---|
| Payment Bond 62880 | $921,425.32 | United States of America | P14PC00453 |
| Performance Bond 62880 | $921,425.32 | United States of America | P14PC00453 |
| Payment Bond 63597 | $369,458.00 | United States of America | N69450-15-C-7137 |
| Performance Bond 63597 | $369,458.00 | United States of America | N69450-15-C-7137 |
| Payment Bond 64375 | $110,360.00 | United States of America | P15-C00884 |
| Performance Bond 64375 | $110,360.00 | United States of America | P15-C00884 |

21. To date, ASIC has already paid $824,846.55 for the following losses and liabilities arising out of and/or in connection with the Principal's Bonds:

| Claimant | Amount Paid | Bond |
|---|---|---|
| Mid-South Construction | $66,607.00 | Payment Bond 62880 |
| Keatts Electric | $3,577.86 | Payment Bond 62880 |
| Nashville Mach Elevator | $54,520.00 | Payment Bond 62880 |
| JWR Painting | $15,816.00 | Payment Bond 62880 |
| PTL Fabricators | $34,539.00 | Payment Bond 62880 |
| City Electric Supply | $61,119.33 | Payment Bond 63597 |
| Panhandle Electric | $10,005.49 | Payment Bond 63597 |
| H.R. Allen Inc | $37,100.00 | Payment Bond 64375 |
| USA National Park Service | $541,561.90 | Performance Bond 62880 |

22. In addition to the payments it has made under the Principal's Bonds, ASIC has incurred fees of attorneys and consultants arising out of or in connection with the Principal's Bonds in an amount to be proven in this action, which currently exceed $27,500, and ASIC continues to incur fees of attorneys and consultants arising out of or in connection with the Principal's Bonds.

23. ASIC also continues to face exposure to the obligees under the Principal's Bonds and/or may receive additional claims from the Principal's subcontractor/suppliers under the Principal's Bonds.

## IV. CLAIMS FOR RELIEF

### COUNT I — Breach of the Indemnity Agreement

24. ASIC hereby restates the allegations contained in the foregoing paragraphs of this Complaint for Indemnity as if fully set forth herein.

25. Under Paragraph 2 of the Indemnity Agreement, as more fully set forth therein, the Indemnitors are jointly and severally obligated to pay, when due, all premiums for each of the Principal's Bonds in accordance with the ASIC's regular rates in effect on the date the Principal's Bonds became effective because ASIC's potential liability under the Principal's Bonds has not been extinguished and/or the Indemnitors have not furnished ASIC with evidence of ASIC's discharge or release from the Principal's Bonds.

26. The Indemnitors have materially breached Paragraph 2 of the Indemnity Agreement by failing and/or refusing to pay, when due, all premiums for each of the Principal's Bonds in accordance with the ASIC's regular rates in effect on the date the Principal's Bonds, which has proximately caused ASIC to sustain/incur damages in an amount to be proven in this action.

27. Under Paragraph 2 the Indemnity Agreement, as more fully set forth therein, the Indemnitors are jointly and severally obligated to indemnify and save harmless ASIC from and

against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected to the Principal's Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds in attempting to recover losses or expenses from Indemnitors or third parties, whether the ASIC shall have paid or incurred same, as aforesaid.

28. To date, ASIC has incurred and continues to incur liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected to the Principal's Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds in attempting to recover losses or expenses from Indemnitors or third parties in an amount to be proven in this action, which currently exceed $825,000.

29. The Indemnitors have materially breached Paragraph 2 of the Indemnity Agreement by failing and/or refusing to indemnify and save harmless ASIC from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected to the Principal's Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds in attempting to recover losses or expenses from Indemnitors or third parties, which has proximately caused ASIC to sustain/incur damages in an amount to be proven in action that currently exceeds $825,000.

30. Therefore, ASIC is entitled to the entry of judgment against the Indemnitors, jointly and severally, in an amount sufficient to reimburse ASIC for all unpaid premiums and sufficient to indemnify and save harmless ASIC from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected to the Principal's

Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds in attempting to recover losses or expenses from Indemnitors or third parties in an amount to be proven in this action that currently exceeds $825,000.

### COUNT II — Equitable Indemnity, Reimbursement, and Exoneration Against the Principal

31. ASIC hereby restates the allegations contained in the foregoing paragraphs of this Complaint for Indemnity as if fully set forth herein.

32. Pursuant to its common law right of exoneration, indemnification, and reimbursement, ASIC is entitled to exoneration, indemnification, and/or reimbursement from the Principal, as the principal on the Principal's Bonds, for all loss suffered by ASIC, as surety, by reason of having issued the Principal's Bond on behalf of the Principal.

33. Therefore, the Principal is liable to ASIC for all losses suffered and anticipated to be suffered by ASIC by reason of having issued the Principal's Bond on behalf of the Principal, which amount currently exceeds $825,000 and will be proven in this action.

WHEREFORE, PREMISES CONSIDERED, ASIC prays for the following relief:

a) for the issuance of process requiring each of the Indemnitors to answer ASIC's Complaint for Indemnity;

b) for the entry of judgment against the Indemnitors, jointly and severally, in an amount sufficient to reimburse ASIC for all unpaid premiums and sufficient to indemnify and save harmless ASIC from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected to the Principal's Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds in attempting to recover losses or expenses from Indemnitors or third parties in an amount to be proven in this action that currently exceeds $825,000;

c) for the entry of judgment against the Principal for all losses suffered and anticipated to be suffered by ASIC by reason of having issued the Principal's Bond on behalf of the Principal, which amount currently exceeds $825,000 and will be proven at trial;

d) For such further relief, both general and specific, as may be appropriate in accordance with the nature of this cause including, but not limited to, pre-judgment and post-judgment interest.

Respectfully submitted,

/s/ Adrienne B. Fazio

Adrienne B. Fazio    Ala Bar No. 9232-I38S
MANIER & HEROD, P.C.
1201 Demonbreun Street, Ste. 900
Nashville, TN 37203
(615) 244-0030 (phone)
(615) 242-4203 (fax)
afazio@manierherod.com