IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN SOUTHERN<br>INSURANCE COMPANY, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACT. NO. 2:19-cv-185-ECM<br>(WO) |
| KHDM CONSTRUCTION, LLC, | )<br>) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.     INTRODUCTION**

On March 14, 2019, American Southern Insurance Company ("Plaintiff") filed suit against KHDM Construction, LLC ("Defendant") and Matthew L. McCarty[1] for breach of an Indemnity Agreement between the parties. (Doc. 1). The Plaintiff alleges that on August 5, 2011, it entered into the Indemnity Agreement with the Defendant "[a]s a condition of [the Plaintiff's] issuance of surety bonds on behalf of the [the Defendant.]" (*Id*. at 2). Moreover, the Plaintiff contends that it has made payments under the Defendant's bonds and incurred attorneys' fees in connection with the same. (*Id*. at 6-7).

The Defendant failed to file an Answer or otherwise appear in this lawsuit within the time limits set forth in the Federal Rules of Civil Procedure. Accordingly, on July 18, 2019, the Clerk entered a default against the Defendant. (Doc. 12). On August 26, 2019,

---

1 The Plaintiff voluntarily dismissed Matthew L. McCarty pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 22). Thus, Matthew L. McCarty is no longer a party defendant in this case.

the Plaintiff filed a Motion for Default Judgment (doc. 16), requesting that judgment be entered in its favor against the Defendant in the amount of $863,649.83, which figure represents the losses, costs, and expenses sustained by the Plaintiff as a result of issuing surety bonds on behalf of the Defendant and enforcing the indemnity agreement. (Doc. 17 at 10) (Doc. 18 at 3). The Defendant did not file a response to the Plaintiff's Default Judgment Motion, although it had an opportunity to do so. (Doc. 23). For the reasons that follow, the Plaintiff's Motion for Default Judgment is due to be granted on the issues of liability and damages.

## II. JURISDICTION and VENUE

This Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity exists between the parties. Personal jurisdiction and venue are uncontested.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . .." Further, "[i]f the plaintiff's claim is for a sum certain . . . the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .." FED.R.CIV.P. 55(b)(1).

Once a default has been entered, "[t]he defendant, by his default, admits the

plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu v. Const. Co., Ltd. V. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A district court need not hold a hearing to determine damages when "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005).

## IV. DISCUSSION

*A. Liability for Breach of the Indemnity Agreement*

In support of its Motion for Default Judgment, the Plaintiff submits an affidavit of John Northrop, its Assistant Vice President of Surety Claims for National Claims Services. (Doc. 18). In his affidavit, Mr. Northrop attests to the execution of the subject Indemnity Agreement, the issuance of surety bonds, payments made under the Bonds, and attorneys' fees incurred. The Plaintiff also submits an affidavit from its attorney, Adrienne Fazio, attesting to the attorneys' fees and costs incurred "arising out of and connected to surety bonds executed on behalf of KHDM Construction, LLC . . .." (Doc. 19 at 1).

The Plaintiff's allegations concerning the breach of the Indemnity Agreement and supporting evidence provide a sufficient basis for the Court to enter default judgment against the Defendant as to liability.

To establish breach of contract under Georgia law, a Plaintiff must prove three elements: (1) subject matter of the contract; (2) consideration; and (3) mutual assent by all parties to all contract terms. *Broughton v. Johnson*, 247 Ga.App. 819, 819, 545 S.E.2d 370,

371 (2001).² Moreover, Georgia courts routinely uphold "the validity and enforceability of indemnification agreements executed in connection with the issuance of surety bonds." *Anderson v. U.S. Fid. & Guar. Co.*, 267 Ga.App. 624, 627, 600 S.E.2d 712, 715 (2004). "When interpreting [indemnity] agreements, [Georgia courts] apply the ordinary rules of contract construction." *Id.* Importantly, "[n]o construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation." *Id.*

In the instant case, the Indemnity Agreement specifies that the Defendant agrees "to indemnify and save harmless [the Plaintiff] from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected with such [b]onds, including but not limited to fees of attorneys . . . ." (Doc. 18-1 at 1). Further, under the Indemnity Agreement, the Plaintiff "shall have the right in its sole discretion to determine whether any suits or claims shall be paid, compromised, defended, prosecuted or appealed and to pay out such sums as it deems necessary to accomplish any of those purposes . . . ." (*Id.*) The Court finds this language unambiguous and therefore, it must be strictly enforced. *See Anderson*, 267 Ga.App. at 627, 600 S.E.2d at 715 (affirming summary judgment for a surety company based on similar language in an indemnity agreement). Thus, the Court concludes, as a matter of law, that the Defendant's failure to comply with the above provisions resulted in a breach of the

---

2 The Court analyzes liability for breach of the indemnity agreement under Georgia law because paragraph 10 of the agreement reads, in part, "[t]his Agreement shall be interpreted and governed in all respects in accordance with the laws of the State of Georgia." (Doc. 18-1 at 4).

4

Indemnity Agreement.

   B. *Damages for Breach of the Indemnity Agreement*

The Plaintiff is entitled to a Default Judgment against the Defendant in the amount of $863,649.83. The uncontested testimony of John Northrop (doc. 18) constitutes *prima facie* evidence of the fact and extent of the Defendant's liability. *See Travelers Cas. & Sur. Co. of Am. v. Winmark*, 518 Fed. App'x 899, 903 (11th Cir. 2013) (holding that "[b]y signing the indemnity agreement, the [defendants] expressly agreed that computer printouts, verified by affidavit, would be *prima facie* evidence of the fact and amount of loss."); *Anderson*, 267 Ga.App. at 627-28, 600 S.E.2d at 715-16 (holding plaintiff's affidavits sufficient to establish liability and damages under the indemnity agreement).

Here, the Indemnity Agreement between the parties states "[i]n any claim or suit hereunder, an itemized statement of aforesaid loss and expense, sworn to by an officer or agent of [the Plaintiff], or vouchers or other evidence of disbursement by [the Plaintiff], shall be prima facie evidence of the fact and extent of the liability hereunder of [the Defendant]." The Plaintiff, through John Northrop's affidavit, provides the evidence necessary under the Indemnity Agreement to determine the extent of the Defendant's liability. Specifically, Northrop's affidavit establishes that the Plaintiff issued payments on behalf of the Defendant in the amount of $835, 591.58. (Doc. 18 at 2). Moreover, the uncontested evidence shows that the Plaintiff has incurred attorneys' fees arising out of its efforts to enforce the indemnity agreement in the amount of $28,058.25. (Doc. 18 at 3) (Doc. 19 at 1). The Defendant has not provided any response or evidence rebutting these

amounts.  Because "all essential evidence is already of record" the Court need not hold a hearing to determine damages. *See S.E.C.*, 420 F.3d at 1231-32 & n.13.  Thus, the Court concludes that the Plaintiff is entitled to Default Judgment against the Defendant in the amount of $863,649.83.

V. CONCLUSION

Accordingly, it is ORDERED that the Plaintiff's Motion for Default Judgment (doc. 16) is GRANTED.   A separate final judgment will be entered.

DONE this 17th day of October, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE